# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

FREDERICK NELTHROPE,

    Plaintiff,

v.

AMERICOLLECT, LLC,

    Defendant.

CIVIL ACTION
FILE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Frederick Nelthrope ("Plaintiff"), by counsel, hereby files his Complaint ("Complaint") against Defendant Americollect, LLC ("Defendant") as follows:

## INTRODUCTION

1. This is an action for actual, statutory, and punitive damages, attorneys' fees, and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*. ("FCRA") and Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA").

2. Plaintiff is an individual and a consumer under the FCRA. Defendant is a debt collector and a furnisher of information. Defendant is obligated to comply with the FCRA and FDCPA.

3.     As set forth below, Defendant reported a consumer debt with account reference number XXXXXXX5308 to the credit bureaus – Experian, TransUnion, and Equifax (collectively the "CRAs") – under Plaintiff's name and to be included on his credit reports ("the Debt"). The Debt was for medical services and was a consumer debt.  Defendant reported the Debt to the CRAs after it had advised Plaintiff it would delete the Debt from his credit reports and Defendant's continued reporting was wrongful.  Plaintiff disputed the information with Defendant, and Defendant did not correct its reporting despite stating it had previously notified the credit bureaus to delete the Debt from Plaintiff's credit reports.  Defendant's actions, or inactions, violated the FCRA.

4.     Defendant's attempts to collect the Debt from Plaintiff, including its continued credit reporting after it had already advised him that it had directed the CRAs to delete the Debt from Plaintiff's credit reports, was a violation of both the FCRA and the FDCPA.

5.     As set forth below, Plaintiff suffered concrete harm because of Defendant's violations of the FCRA and FDCPA.

**PARTIES, JURISDICTION, AND VENUE**

6.     At all times material to this action, Plaintiff was a resident of the State of Georgia.

2

7. At all times material to this action, Defendant was a Wisconsin entity with its primary place of business in Wisconsin. Defendant does business in this District and Division and is registered in it.

8. Defendant may be served with a copy of this Complaint and accompanying Summons through its registered agent for service, to wit: Corporation Service Corporation, 33 E. Main Street, Suite 610, Madison, WI 53703-4655.

9. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681 and 28 U.S.C. § 1331. Jurisdiction is further conferred by the FDCPA.

10. Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

11. Defendant is subject to the jurisdiction of this Court as a result of doing business in this District and Division.

## FACTUAL ALLEGATIONS

12. Defendant is a debt collection agency and provides information to the credit bureaus.

13. Prior to the time Defendant reported the Debt to Equifax, Plaintiff did not receive any letters, emails, calls, texts, or any communications whatsoever from Defendant concerning the Debt.

3

14. On November 30, 2021, the Consumer Financial Protection Bureau ("CFPB") published amendments to 12 C.F.R. Part § 1006 (hereinafter referred to as Regulation F).

15. Regulation F was issued by the Bureau of Consumer Financial Protection pursuant to sections 814(d) and 817 of the FDCPA, 15 U.S.C. § 1692b, 1692o; Title X of the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank Act"); 12 U.S.C. § 5481, *et seq.*, and paragraph (b)(1) of 104 of the Electronic Signatures in Global and National Commerce Act ("E-sign Act"), 15 U.S.C. § 7004.

16. The Fair Debt Collection Practices Act and, specifically, Regulation F appliesto the Defendant at all times relevant hereto.

17. As of the enactment of Regulation F, a debt collector, such as Defendant, is prohibited from reporting a debt to any of the three major credit reporting agencies, which would include Experian and Trans Union, without first contacting the consumer. To satisfy this requirement, the collector must speak to the consumer in person, or by phone, or mail a letter, or send an electronic message about the debt to the consumer and then wait a "reasonable period of time" (at least 14 consecutive days) to see if a notice of undeliverability comes back. If the collector gets a notice that the letter or message was undeliverable, the collector

4

cannot report the debt to the credit reporting agency unless it achieves communications as detailed above. 12 C.F.R. § 1006.30(a)(1).

18. Plaintiff did not receive any communication from Defendant as required by 12 C.F.R. §1006.30(a)(1) concerning the Debt prior to Defendant reporting the Debt to Experian and/or other consumer reporting agencies.

19. Credit reporting is recognized as a powerful tool used to extract payment from consumer debtors. *Quale v. Unifund CCR Partners,* 682 F.Supp.2d 1274 (S.D. Ala. 2010).

20. When Plaintiff learned about the Debt, he disputed the Debt with Defendant.

21. In response to Plaintiff's direct dispute, Defendant advised Plaintiff, through a letter it sent to him in Georgia, that it had, as of January 7, 2026, sent in a request to the CRAs to delete the Debt from Plaintiff's credit files.

22. The Debt was never deleted from all of Plaintiff's credit files.

23. Subsequently, in early January 2026, Plaintiff disputed the Debt directly with Experian and Equifax ("CRA Disputes"). Upon information and belief, Defendant received Plaintiff's CRA Disputes from Experian, Trans Union, and Equifax. Defendant verified to Equifax and Experian that it was reporting the Debt accurately and did not instruct Equifax and/or Experian to delete the Debt from Plaintiff's credit files as a result of the CRA Disputes. This was

5

notwithstanding Defendant's prior (and false) representation to Plaintiff that it would have the Debt deleted.

24. Defendant had already advised Plaintiff that it would delete the Debt from his credit reports and its continued reporting was wrongful.

25. As a result of Defendant's violations of the FCRA and FDCPA, Plaintiff suffered damage to his credit and credit reputation, emotional distress and aggravation, lost time and effort disputing the Debt, and loss of sleep worrying about whether Defendant would ever stop its false credit reporting and collection efforts after it had advised him that it would delete the Debt from his credit reports.

26. As a result of Defendant's FCRA and FDCPA violations, Plaintiff was required to retain legal counsel.

## **INJURIES-IN-FACT**

27. The FDCPA provides consumers with "statutorily created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

28. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which

6

creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

29. Violation of statutory rights are not a 'hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

30. Accordingly, through the violation of Plaintiff's statutorily created rights under the FDCPA and FCRA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

31. Defendant's act of requesting and obtaining Plaintiff's consumer report and then reporting on the consumer report of Plaintiff is an injury-in-fact sufficient to establish Article III standing.

## <u>COUNT ONE:</u>
### Defendant's Violations of the FCRA

32. At all times relevant hereto, Plaintiff was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

33. At all times relevant hereto, Defendant was a "furnisher" as that term is used in 15 U.S.C. § 1681s-2(b).

34. Defendant violated Sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b). Defendant did not

7

undertake a reasonable investigation of Plaintiff's CRA Disputes concerning the Debt and did not consider all relevant information provided with such disputes.

35. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious damages and harm to Plaintiff described in Paragraph 25 above, and as a result Defendant is liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## COUNT TWO:
### Defendant's Violations of the FDCPA

36. Defendant is a debt collector by 15 U.S.C. § 1692a(6).

37. Plaintiff is a consumer under the FDCPA.

38. Defendant violated the FDCPA by continuing to collect on the Debt, including its continued credit reporting of the Debt, when Defendant had already advised Plaintiff that the Debt was to be deleted from Plaintiff's credit reports. Defendant misrepresented the amount and nature of the Debt in violation of Section 1692e of the FDCPA.

39. Plaintiff has been the object of collection activity by Defendant arising from consumer debts including, but not limited to, debts arising from the provision of medical treatment or related services.

40. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

41. Defendant's failure to communicate with Plaintiff concerning the Debt as prescribed by the Act and its regulations prior to reporting the Debt to the credit bureaus was a violation of 12 C.F.R. § 1006.30(a)(1). Defendant's conduct violated Section 1692d of the FDCPA because Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

42. As a result of the above-described acts, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation, and embarrassment and damage to the credit and credit reputation of Plaintiff.

43. Pursuant to 15 U.S.C. 1692k, Plaintiff is entitled to, and seek, actual damages, statutory damages under 15 U.S.C. § 1692k(a)(2), costs, and reasonable attorneys' fees.

44. Defendant is liable to Plaintiff for statutory damages, actual damages, attorney's fees and costs, as a result of its violations of the FDCPA.

## TRIAL BY JURY IS DEMANDED

Plaintiff requests a jury trial on all claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment be entered in his favor and against Defendant for his actual damages, punitive damages, statutory damages,

9

attorney's fees and costs, and all other relief deemed just, equitable, and proper by the Court.

Dated: April 17, 2026

Respectfully submitted,

*/s/ Robert W. Murphy*
Robert W. Murphy
(WI #1128443)
440 Premier Circle, Suite 240
Charlottesville, VA 22901
T: (434)328-3100 / (954)763-8660
F: (434)328-3101 / (954)763-8607
rwmurphy@lawfirmmurphy.com

John A. Love
Love Consumer Law
GA Bar No. 459155
2500 Northwinds Parkway
Suite 330
Alpharetta, GA  30009
404.855.3600
tlove@loveconsumerlaw.com